[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum Filed
The Office of Consumer Counsel moves to be made party plaintiff in the pending case and the Department of Public Control ("DPUC") opposes the motion on the ground that the rules of the Connecticut Practice Book permitting intervention in civil actions do not apply to administrative appeals.
The facts are as followed: The plaintiff, University of Connecticut ("UCONN") appeals a decision of DPUC allowing Charter Communications of Northeastern Connecticut ("Charter Communications"), a private corporation, the right to access and use the State property of the University underground conduit structure without any requirements of an access agreement with the University and without any requirement to pay compensation therefor. The primary ground for the appeal is UCONN's contention that the DPUC does not have statutory authority over it as a state agency and over UCONN's community access television located on State property because UCONN is not a public service company as defined by Connecticut General Statutes § 16-1.
OCC participated in the administrative proceeding before DPUC, cross-examined witnesses, and made oral argument. After DPUC's decision, UCONN duly appealed in accordance with Connecticut General Statutes § 4-183. UCONN did not name OCC as a party and now OCC seeks to intervene as a party plaintiff.
Section 16-2a gives OCC a special status in connection with DPUC proceedings. It is authorized under that statute to "act as the advocate for consumer interests in all matters which may effect Connecticut consumers with respect to public service companies . . . The Office of Consumer Counsel is authorized to appear in and participate in any regulatory or judicial proceedings, federal or state, in which such interests of Connecticut consumers may be involved . . . The Office of CT Page 4864-bv Consumer Counsel shall be a party to each contested case before the Department of Public Utility Control and shall participate in such proceedings to the extent that it deems necessary. Said Office of Consumer Counsel may appeal from a decision, order or authorization, in any such state regulatory proceeding notwithstanding its failure to appear or participate in said proceeding."
Pursuant to § 16-2a, OCC was a party in the proceedings before the DPUC and, moreover, exercised all the rights of a party in participating in those proceedings. Clearly, when it was not named a party by the plaintiff in this appeal, it has a right to intervene as a party. Charter Communications, which initiated the proceedings before the DPUC and was not named a party by the plaintiff, moved to intervene as a party defendant and this court granted that motion without opposition by the DPUC.
The only question before this court is whether or not OCC can be a party plaintiff in this appeal. DPUC argues that to require such a status, OCC must appeal pursuant to § 14-183 within the requisite 45 days and not having done so here, it cannot be allowed to participate as a plaintiff.
It is true that OCC's special status under § 16-2a does not entitle it to bring an appeal without complying with § 4-183. Once another party has appealed, however, this court sees no impediment to OCC moving to be made a party on either side of the dispute. Its statutory responsibility is to advocate for consumer interests, not for the interests of any party in the action. Sometimes consumer interests may lie with plaintiffs, sometimes with defendants, and sometimes consumer interests may align with some of the claims of the plaintiffs and some of the claims of the defendants. Thus, to fulfill its statutory responsibility, OCC may elect to be made a party plaintiff or a party defendant in a pending appeal. This court concludes it has that right under § 16-2a and it affirms that choice.
OCC's motion to intervene as party plaintiff is granted.